IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:04CR401 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| AUGUSTIN SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before me for initial review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Augustin Sanchez (filings 38 & 39).[1] The motion will be denied.

Represented by experienced counsel from Denver, who was retained, Sanchez pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine. (Filings 20-23 & 26.) In his plea agreement, he gave up the right to appeal except in two circumstances. (Filing 22 ¶ 14.) Sanchez could appeal if the courts later found that "the substantive basis of defendant's plea of guilty and resulting conviction fails

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

to state a crime upon which defendant could be convicted." (Filing 22 ¶ 14A.) He could also appeal as to "[a]ny issue solely involving a matter of law brought to the Court's attention at the time of sentencing, in the which the Court agrees further review is needed." (Filing 22 ¶ 14B.) I accepted the plea agreement. (Filing 31.)

I found that Sanchez was entitled to a reduction for the "safety valve." (Filing 31 (Minutes) & Filing 36 (Statement of Reasons)). The advisory Guidelines range was thus 87 to 108 months in prison. (Filing 36.) On September 22, 2006 (filing 31), I sentenced Sanchez to 87 months in prison and I entered judgment accordingly on September 26, 2006. (Filing 35.) The standard advice regarding the right to appeal was given and acknowledged by Sanchez and his counsel. (Filing 34.) No appeal was taken.

On May 7, 2007, Sanchez filed a motion for relief under section 2255 (filing 38) that incorporated a brief as the basis for relief. (Filing 39.) Essentially, Sanchez asserts that I should have sentenced him to 40 to 51 months in prison (filing 39, at CM/ECF p. 12) and that his retained lawyer was deficient for failing to request such a sentence. (Id.) He also seeks restoration to his status as a permanent resident alien in accordance with a recent Supreme Court decision. See Lopez v. Gonzales, 127 S. Ct. 625 (2006) (in an appeal from a decision of the Board of Immigration Appeals, the Supreme Court held that aiding and abetting the possession of cocaine under state law, which would have been classified as a misdemeanor under federal law, was not an "aggravated felony" for purposes of the Immigration and Nationality Act).

There are three reasons why Sanchez is not entitled to the relief he seeks. I briefly explain those reasons next.

First, Sanchez asserts a "run-of-the-mill" sentencing argument and since he did not raise that issue on direct appeal, he cannot raise it now. See, e.g., Auman v. United States, 67 F.3d 157, 160-61 (8th Cir. 1995) (§ 2255 does not provide relief for

"garden-variety" sentencing issues that were not the subject of a direct appeal). None of the exceptions to this general rule apply here. See United States v. Perales, 212 F.3d 1110, 1111 (8th Cir. 2000) (outlining three exceptions to the rule that ordinary sentencing questions not raised on direct appeal do not present cognizable § 2255 claims).

Second, in order to prevail on his claim that his counsel rendered ineffective assistance of counsel at sentencing, Sanchez must show that "'counsel's representation fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]'" Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688 & 694 (1984)), but when the record is reviewed, Sanchez falls far short on both counts. In this regard, an evidentiary hearing is unnecessary if the movant makes an insufficient preliminary showing on either or both prongs. See, e.g., Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim).

I have listened carefully to the recording of defense counsel's statements and arguments at sentencing. (Digital Audio Recording of Sentencing Proceeding in Case No. 8:04CR401, Sept. 22, 2006.) Despite the defendant's assertion to the contrary, counsel argued for a sentence less severe than 87 months. In fact, she specifically argued that such a sentence was warranted under the provisions of 18 U.S.C. § 3553(a) because of the personal characteristics of the defendant and because the defendant was far less culpable than his co-defendant. Her argument was cogent and forcefully asserted. In short, her performance was objectively reasonable (and then some). Still further, and after another review of the presentence report, counsel's sentencing argument, and the defendant's statement at sentencing, I conclude with certainty that nothing counsel did or failed to do in the way she framed her sentencing

statements and argument establishes any probability that the sentence would have been different had counsel done something differently.

Finally, and after considering the Supreme Court's decision in <u>Lopez,</u> 28 U.S.C. § 2255 does not give me jurisdiction (power) to determine immigration questions such as whether Sanchez should be restored to his status as a permanent resident alien. On the contrary, and by the terms of the statute, section 2255 is limited to challenging a criminal conviction or a criminal sentence. In sum, the <u>Lopez</u> decision does not apply to the limited questions that section 2255 allows me to answer.

IT IS ORDERED that the defendant's 28 U.S.C. § 2255 motion (filings 38 & 39) is denied with prejudice in all respects, and a separate judgment shall be entered.

June 12, 2007.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge